UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**ROYCE C. PEREZ**                                                      **CIVIL ACTION**

**VERSUS**                                                              **NO. 06-2574**

**METROPOLITAN PROPERTY AND**                                           **SECTION "B"(1)**
**CASUALTY INSURANCE COMPANY**
**AND GREGORY RUIZ**

      This cause came for hearing on July 12, 2006, upon the Motion of plaintiff, Royce C. Perez ("Perez"), to Remand to the 34th Judicial District Court for the Parish of St. Bernard, State of Louisiana and for Attorney's Fees and Costs of These Proceedings (Rec. Doc. #7). Oral argument was not entertained by the Court; therefore, the matter was taken under submission on the briefs only. The Court, having studied the record, the legal memoranda submitted by the parties, as well as the applicable law and jurisprudence, is now fully advised in the premises and ready to rule.

**ORDER AND REASONS**

      **IT IS ORDERED** that Plaintiff's Motion to Remand to the 34th Judicial District Court for the Parish of St. Bernard, State of Louisiana and for Attorney's Fees and Costs of These Proceedings (Rec. Doc. #7) is **DENIED.**

I.      **BACKGROUND**

The principal issue in this case is Metropolitan Property and Casualty Insurance Company's ("Metropolitan") alleged failure to pay the policy limits for the damage incurred to the plaintiff's home as a result of Hurricane Katrina.  Perez alleges that his home and personal property were destroyed by wind (See Petition VI, VII) and seeks the full amount under the Metropolitan policy together with penalties and attorney's fees, an amount which exceeds the $75,000 jurisdictional amount.  Perez seeks to remand the case arguing that diversity of citizenship does not exist because defendant Gregory Ruiz's principal place of business exists in the State of Louisiana.

II.     **ARGUMENTS OF THE PARTIES**

    A.      ARGUMENTS OF THE PLAINTIFF IN SUPPORT OF REMAND

First, the plaintiff argues that diversity of citizenship does not exist in this case.  The plaintiff in this case is a resident of the State of Louisiana and at least one defendant, Ruiz, is also a citizen of Louisiana.  The plaintiff contends that because diversity does not exist, the case should be remanded to the 34th Judicial District for the Parish of St. Bernard, Louisiana.

Further, the plaintiff submits that if the defendant alleges jurisdiction on the basis that non-diverse parties have been fraudulently joined, the defendant, as the removing party, must prove the existence of fraud.  *Carrier v. Sears, Roebuck and Co.*, 893 F.2d 98 (5th Cir.), *cert denied*, 498 U.S. 817, 111 S.Ct. 60, 112 L.Ed. 2d 35 (1990).  Arguing that there is a possibility that a state court could find joint or several liability in this case, due to the fact that there is no distinction between what the plaintiffs were sold by Ruiz and what Metropolitan is using to deny coverage, plaintiff contends that the Motion to Remand must be granted.  *American Fire and*

*Casualty v. Finn*, 341 U.S. 6 (1951); *Fleming v. American Automobile Association*, 764 So.2d 274 (La. App. 4th Cir. 2000).

Finally, the plaintiff argues that an award for costs and attorney's fees under 28 U.S.C. §1447(c) is appropriate, as removal was clearly improper.

B. DEFENDANTS' ARGUMENTS IN OPPOSITION TO REMAND

The defendants argue that although Ruiz is a citizen of Louisiana, his citizenship does not defeat this Court's subject matter jurisdiction because he was improperly joined. *See Crockett v. R.J. Reynolds Tobacco Co.,* 426 F.3d 529, 533 (5th Cir. 2006). Based on the allegations in the Petition at the time of removal, defendants assert several bases for improper joinder.

First, the defendants submit that under Louisiana law, Perez cannot maintain a claim against Ruiz because any right to such claim no longer exists under Louisiana Revised Statute 9:5606. La. Rev. Stat. 9:5606 provides a one-year/three-year preemptive period for claims against insurance agents, which completely eliminates any right to a cause of action after the requisite time period. The defendants argue that Perez cannot come close to overcoming the peremptive period, given that Ruiz, the local agent defendant, initially issued the Metropolitan policy to Perez in 1985 and has not been a Metropolitan agent for over 16 years.

Second, the defendants contend that the fact that Perez filed the Petition and did not request service on Ruiz, but rather requested that service be withheld, is further evidence that Ruiz was only named to defeat diversity. In fact, the plaintiff has never requested that Ruiz be served with a copy of this suit, in violation of La. C.C.P. art. 1201, which provides that "service of the citation shall be requested on all named defendants within 90 days of commencement of the action." Failure to timely request service results in dismissal. *See Ayers v. Goodwill*

*Industries*, 870 So.2d 348 (La. App. 4 Cir. 3/10/04).  As such, defendants argue that the suit, as to Ruiz, requires dismissal for Perez's failure to request service.

Next, the defendants argue that, as a matter of law, Ruiz, whose sole relationship to Perez was as a Metropolitan insurance agent, owed no fiduciary duty to Perez.  Under Louisiana law, an agent for a known principal cannot be held personally liable to a third party unless the agent personally binds himself or exceeds his authority (La. Civ. Code arts. 3016, 3019; *see also Leblanc v. Mid-Continent Life. Ins.*, No. 93-2677, 1993 U.S. Dist. LEXIS 14792 at *4 (E.D. La. Oct. 20, 1993) (holding no cause of action exists under Louisiana law against agent of named insurer, unless agent personally bound itself or exceeded his authority).

Finally, the defendants contend that Perez's claims against Ruiz are improper under the misjoinder doctrine pronounced in *Tapscott* and its progeny, which instruct that when a Complaint alleges only parallel claims against separate, unrelated diverse and non-diverse defendants, joinder of the non-diverse defendants is improper.  *Chehardy, et al v. Louisiana Ins. Comm.., et al*, No. 05-1140 (M.D. La. 3/16/06)(Polozola, J.)(finding fraudulent joinder and maintaining jurisdiction where plaintiff's alleged separate claims against separate insurers and Insurance Commissioner; see also *Crockett*, 436 F.3d at 533 (noting that joinder still can be improper even where "the plaintiff does have the ability to recover against each of the defendants")(citing *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1359-60 (11th Cir. 1996)).

For the reasons set forth, the defendants submit that this case was removed in good faith and plaintiff's request for attorney's fees and costs is without merit.

**III.    LAW AND ANALYSIS**

    **A.    IMPROPER JOINDER**

The standard for determining when a defendant has been improperly joined was recently explained by the Fifth Circuit in *Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 545-46 (5th Cir. 2004):

> For removal purposes, a local defendant is deemed fraudulently joined not only when there is no arguably reasonable basis for predicting that the local law would recognize the cause of action pled against the defendant, but also when, as shown by piercing the pleadings in a summary judgment type procedure, there is no arguably reasonable basis for predicting that the plaintiff would produce sufficient evidence to sustain a finding necessary to recover against that defendant. Were this not the rule, the removal rights of out-of-state defendants would largely be theoretical and practically meaningless.

"Under this standard, the Court must determine whether there is arguably a reasonable basis for predicting that state law might impose liability." *Ross v. Citifinancial, Inc.*, 344 F.3d 458, 462 (5th Cir. 2005)(citing *Travis v. Irby*, F.3d 326 644,647 (5th Cir. 2003). "This means that there must be a reasonable possibility of recovery, not merely a *theoretical* one." *Id.* These rules have been applied to improper joinder of insurance agents and adjusters. *Edwards v. Allstate Insurance Co.*, No. 04-2434, 2005 WL 221560 (E.D. La. 2005)(adjuster fraudulently joined where insured failed to establish reasonable basis of recovery).

Under Louisiana law, Perez cannot maintain a claim against Ruiz, the insurance agent, because any right to such a claim no longer exists. Louisiana Revised Statute 9:5606 provides a one-year/three-year peremptive period for claims against insurance agents. The statute provides, in relevant part:

> No action for damages against any insurance agent, broker, solicitor, or other similar licensee under this state, whether based upon tort, or breach of contract, or otherwise, arising out of an engagement to provide insurance services shall be brought unless filed in a court of competent jurisdiction and proper venue within one year from the date of the alleged act, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or should

>have been discovered.  However, even as to actions filed within one year from the date of such discovery, in *all events actions shall be filed at the latest within three years* from the date of the alleged act, omission, or neglect.

La. Rev. Stat 9:5606(A).

In the instant case, the plaintiff's purchase of the homeowner policy in 1985 commenced the three-year peremptive period.  *Biggers* v. Met. P&C Ins. Co., 886 So.2d 1179, 1183 (holding that peremptive period, applicable to the insured's negligence suit against agent, began when insured purchased policy).  In addition, the fact that the plaintiff renewed his homeowner policy each year does not toll the one-year peremptive period under well-settled Louisiana law, cited by the defendant in opposition to the Motion to Remand.  *Bel v. State Farm Mut. Auto. Ins. Co.,* 845 So.2d 377 (La. App. 1st. Cir. 2003)("[t]herefore, we find that the insurance policy renewals do not constitute separate and distinct torts, commencing the peremptive period anew at each renewal"); *Biggers*, 886 So.2d at 1183 (peremptive period applicable to insured's negligence suit against agent began when plaintiff purchased policy, notwithstanding subsequent renewals); *Bordelon v. Indep. Order of Foresters*, No. 05-2640, 2005 WL 3543815 (E.D. La. 2005)(peremptive period begins to run when policy is acquired).

The claim against Ruiz, filed in February 2006, over twenty years after the plaintiff purchased his homeowner policy from Ruiz, is perempted.  Consequently, any right to a cause of action on behalf of Perez is eliminated.[1]

---

[1] Peremption differs from prescription in several respects.  Although prescription prevents the enforcement of a right by legal action, it does not terminate the natural obligation (La. Civ. Code art. 1762(1)); peremption, however, extinguishes or destroys the right (La. Civ. Code art. 3458).  Public policy requires that rights to which peremptive periods attach to be extinguished after passage of a specified period.  Accordingly, nothing may interfere with the running of a peremptive period.  It may not be interrupted or suspended; nor is there provision for its renunciation.. *Biggers*, 886 So.2d at 1181  (citing *Reeder v. North*, 97-0239 (La. 1997), 701 So.2d

Due to the fact that La. Rev. Stat. 9:5606 and the Louisiana jurisprudence cited herein clearly support the defendant's argument that Ruiz was improperly joined, the Court need not address subsequent arguments made by the parties.

Further, this Court finds that Metropolitan removed this case to this Court in good faith and based on controlling Fifth Circuit and Louisiana law. As such, plaintiff's request for attorney's fees and costs is without merit.

New Orleans, Louisiana, this 28th day of July, 2006.

_____
**IVAN L.R. LEMELLE**
**UNITED STATES DISTRICT JUDGE**

---

1291)(citing *Hebert v. Doctors Memorial Hosp.*, 486 So.2d 717 (La. 1986).